UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| THE GREAT LAKES GROUP, LLC; YUM YUM PIZZA, LLC; G&H ENTERPRISES, LLC; MOTOR CITY PIZZA, LLC; MOTOR CITY PIZZA II, LLC; and GABBI BAZZI,<br>    Plaintiffs,<br><br>v.<br><br>TEJAS V. DESAI and JAI V. DESAI,<br>    Defendants. | C.A. No. 19-465-JJM-LDA |

## ORDER

The Court heard arguments in this case on cross Motions for Summary Judgment. ECF Nos. 29, 36. After engaging with the parties on all relevant issues, the Court makes the following rulings as a matter of law:

1. Defendants' Counterclaims 2, 3, and 4 are DISMISSED by consent.

2. There exist disputed issues of material fact as to Plaintiffs' Counts 1, 2, 3, 4, and 5 and Defendants' Counterclaims 1 and 5; specifically, there are disputed issues for each of the five stores as to amounts paid and owed and to whom and whether any damages were incurred in the payments as to Store 005. There are also disputes on the fraud claims relating to an alleged forged promissory note.

3. In order to attempt to resolve the disputes, the parties are ordered to prepare a spreadsheet containing the following information as to each store:

   a. The payor and payee, amount owed, payments made or received (amounts and date), including all deposits;

b. The parties should support entry with short comments defending the data; and

c. Such spreadsheets should be filed within thirty days of the date of this Order.

4. There is no dispute that there are enforceable contracts as to the sales of Stores 001-005 so Plaintiffs' equitable claims for promissory estoppel and unjust enrichment fail. Defendants' Motion for Summary Judgment is GRANTED on that ground as to Counts 6-15 and those claims are DISMISSED.

5. As to Defendants' argument that the case should be dismissed because Plaintiffs failed to name RILC as a plaintiff after they raised failure to name necessary and indispensable parties as an affirmative defense, Plaintiffs asked Defendants in May 2021 in the context of discovery to identify these necessary and indispensable parties. Defendants responded, "None at this time." Because Defendants failed to support their affirmative defense under Federal Rule of Civil Procedure Rule 37, the Court overrules Defendants' argument and strikes their affirmative defense based on Plaintiffs' failure to name RILC as the correct party.

6. Moreover, there is no evidence in the record that an assignment was made to RILC so the Court cannot and does not find that RILC is a necessary or indispensable party at this time so Defendants' Motion for Summary Judgment on Counts 1-4 is DENIED on that ground.

The Court therefore GRANTS IN PART AND DENIES IN PART Defendants' Motion for Summary Judgment (ECF No. 29). The Court DENIES Plaintiffs' Motion for Summary Judgment. (ECF No. 36).

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
Chief United States District Judge

May 5, 2022